UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number:   11-31879

Jorge Romero and Isabel Romero
    Debtor

_____/

MOTION TO DISMISS
(Litigation Asset)

Nancy K Neidich, Standing Chapter 13 Trustee ("Trustee"), files this Motion to Dismiss and states as follows:

1. The plan provides for turnover of any proceeds from the debtor's lawsuit

2. The Trustee has requested information on the lawsuit but has not received this information.

3. The lawsuit proceeds are assets of the estate and must be turned over for payment to the unsecured creditors. Under the plain meaning canon of statutory construction, property of the estate in Chapter 13 includes all property acquired by the debtor after filing before discharge or dismissal.

"Section §1306(a)(1) states:

    (a) Property of the estate includes, in addition to the property specified in section 541 of this title--

        (1) all property of the kind specified in such section that the debtor **acquires after the commencement of the case but before the case is closed, dismissed, or converted** to a case under chapter 7, 11, or 12 of this title, whichever occurs first;" (emphasis added)"

4. There is no conflict between 11 U.S.C. §1306 and 11 U.S.C. §541 as "[i]t is a general rule of statutory construction that a more specific statute covering a particular subject is controlling over a statutory provision covering the same subject in more general terms." <u>Balfour Beatty Bahamas, Ltd. v. Bush</u>, 170 F.3d 1048, 1050 (C.A.11 (Fla.) 1999)

5. In addition, case law supports that property acquired during the pendency of a Chapter

13 case is property of the estate. In re: Guentert 206 BR 958 (Bkrtcy. W.D. Mo., 1997) (*Insurance proceeds acquired approximately two years after filing is property of the estate*); In re: Koonce 54 BR 643 (Bkrtcy.W.D. Mich., 1992) (*lottery winnings acquired almost four years after filing are property of the estate)*; In re: Euerle, 70 BR 72 (Bkrtcy. D.N.H., 1987) (*Inheritance received ten months after filing is property of the estate*); In re: Nott 269 B.R. 250 (Bkrtcy.M.D.Fla. 2000) (*Inheritance received almost two years after filing and one year after confirmation is property of the estate*); and In re: Profit 269 BR 51(Bkrtcy.D.Nev. 2001) (*Inheritance in the manner of the forgiveness of debt received "several years after filing" is property of the estate*).

6. This view is affirmed by Congress' recent amendment to §348, which clarified that the property of the estate in a case converted from Chapter 13 to Chapter 7 does not include property acquired post petition unless there is a finding of bad faith. This amendment would be unnecessary if §1306 was not effective beyond 180 day after filing.

7. Federal Rules of Bankruptcy Procedure ("FRBP") Rule 1007(h) highlights the distinction between the property of the estate in Chapter 13 and the other chapters. FRBP Rule 1007(h) states that the debtor's "to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case, except that the schedule need not be filed in a ... chapter 13 case with respect to property acquired after entry of the order ... discharging the debtor in a ... chapter 13 case."

8. Finally, confirmation of a Chapter 13 plan does not place the post petition property out of the property of the estate. Although 11 U.S.C. §1327 binds the debtor and creditors, it does not bind the Trustee. Nor does the vesting provision of 11 U.S.C. §1327 property remove it from the estate, but merely, pursuant to the definition of vesting, places the property in the

possession, discretion, or province of the debtor, by giving the debtor a fixed and immediate right of present or future enjoyment. <u>In re: Thomas</u> 883 F.2d 991, 998(11th Cir, (Ala.) 1989)

9. The debtors are not required to gamble and do not have a constitutional right to gamble. Thus requiring the debtors to turnover any assets obtained and to strike any unreasonable expenses incurred is required under the Bankruptcy Code. .

WHEREFORE, the Trustee requests that this case be dismissed unless the debtor provides the Trustee with information regarding the lawsuit and turnover an non-exempt proceeds

I hereby certify that a true and correct copy of the foregoing was served through NEF with a copy of the Notice of Hearing on June 16, 2015.

Submitted by
NANCY K NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402

```
*********************
*** FAX TX REPORT ***
*********************

           TRANSMISSION OK

JOB NO.                 1123
DESTINATION ADDRESS     13055129701
SUBADDRESS
DESTINATION ID          Sanchez
ST. TIME                04/17 14:32
TX/RX TIME              00'34
PGS.                    1
RESULT                  OK
```

# OFFICE OF THE CHAPTER 13 STANDING TRUSTEE
Southern District of Florida

NANCY K. NEIDICH, TRUSTEE
P.O. Box 279806
Miramar, FL 33027
(954) 443-4402
Fax (954) 443-4452

DATE: _4.17.15_

TO: _Robert Sanchez, Esq._

FROM: KAREN BEST, CLOSING AUDITOR

RE: _11-31879 Romero_

This case is about to close. The plan provisions contain litigation language. The debtor must submit a copy of the judgment pertaining to the lawsuit and a statement regarding any distribution of funds received or to be received.

If the lawsuit was not pursued or the debtor did not receive proceeds from the lawsuit, the debtor (and co-debtor) must submit a <u>notarized</u> affidavit stating the exact facts which occurred.

If the lawsuit is still pending or on appeal, a copy of the complaint, judgment and/or notice of appeal should be submitted.

In addition, please provide the caption for the case as well as the names and contact information for all interested parties.

Please contact your client and inform them that these documents must be submitted and reviewed before a discharge can be recommended.

DEBTORS MUST COMPLY WITH THIS REQUEST WITHIN 15 DAYS OF THE